## PITRE BROS. v. MALBROUGH et al.

### No. 1857.

Court of Appeal of Louisiana. First Circuit.

May 5, 1938.

Frank T. Doyle, of New Orleans, for appellants.

Harris Gagne and Elton A. Darsey, both of Houma, for appellees.

DORE, Judge.

Plaintiffs sue to recover damage to their truck and loss of its use for 34

days, a total of $996.54, resulting from a collision of this truck with a truck of the defendant Etienne Malbrough, operating under the name of Malbrough Transfer Freight Service. The other defendant is the insurance carrier of the Transfer Freight Service. The accident happened on Highway No. 90, between Des Allemans and Raceland on May 11, 1937, between 10 and 11 o'clock p. m.

Plaintiffs' truck was being driven west by Aswell Pitre, accompanied by Norris Pitre, who was sitting on the seat beside him; the defendant's truck was being driven east by Johnny Parker, accompanied by Renard Malbrough, the son of the owner of the truck. It is alleged by plaintiff that the accident was caused by the negligence of Parker in driving the Malbrough truck along the highway in the direction of the oncoming truck of plaintiffs in a zigzagging manner, that is, going from one side of the road to the other; that the driver of plaintiffs' truck, on seeing the approaching truck being driven in this careless manner, slowed down and pulled to the right of the road; that upon defendant's truck striking plaintiffs' truck on the left front, the driver of defendant's truck sharply veered it to the right, causing the trailer part to strike plaintiffs' truck practically demolishing it. It is also alleged that the driver of defendant's truck was a minor under eighteen years, unlicensed, and half-awake from loss of sleep and rest at the time of the accident.

Defendants deny any negligence on the part of the driver of the defendant's truck, and aver that the proximate cause of the accident was the negligence of the driver of plaintiffs' truck in coming over on his left side of the road and striking the Malbrough truck. Judgment was rendered in favor of plaintiffs for the sum of $584.04. Defendants have appealed, and plaintiffs have answered the appeal and asked that the amount of the damages be increased.

The principal question for determination is: Which one of the trucks was on the wrong side of the road? An answer to that question is determinative of the question of liability. With one truck going in one direction and the other going in the opposite direction, it is obvious that neither would have struck the other had both kept on the right side of the road. And as is usual in such cases, the drivers of both trucks, and those accompanying them, testified that their truck was on the right side of the road, and that the other truck came across the center line and struck his truck. In this situation, we must look to the other evidence, the physical facts, and the corroborating circumstances for assistance in deciding this point.

The testimony of the driver of plaintiffs' truck, corroborated in main by his companion, is to the effect that he was driving around 30 to 35 miles per hour on his right side of the road; that he saw the Malbrough truck coming in the opposite direction with its lights on and zigzagging from one side of the road to the other; that when this other truck approached him, its left front struck the left front of his truck, and the driver of the other truck then suddenly pulled his truck to the right, causing the attached trailer, by reason of its weight and momentum, to crash into the left side of plaintiffs' truck, knocking it out of control, demolishing the whole left side, and scattering the cargo over the road.

The driver of the defendant's truck says that he was on his right side of the road, driving 25 to 30 miles per hour, and saw plaintiff's truck coming with its lights burning, on its side of the road; that when within a few feet of his truck, the other truck suddenly turned to its left, and hit the left side of his truck; that he then jerked his truck to the right and came to a quick stop. He is supported in his account of the accident by young Malbrough, who says that he was sitting in the seat beside him.

With this conflict on the part of these in the two trucks we must look to other testimony for corroboration of one side or the other. Two other men were in a truck following the Malbrough truck a distance of one hundred feet or so in the rear. They say that the Malbrough truck had just passed them and was zigzagging along the road in front of them, mostly on its right side of the road, but that it was going from one side of the road to the other; that when the Malbrough truck passed them, the trailer swung around and almost hit their truck; that they could not say on which side of the road the Malbrough truck was at the moment of the impact. This testi-

mony clearly supports the testimony of the driver of plaintiffs' truck to the effect that defendant's truck was going from one side of the road to the other just prior to the accident.

The decided preponderance of the evidence shows that the trailer of defendant's truck struck the left side of plaintiffs' truck on the north side of the highway; that is, the wrong side for defendant's truck to be on. The Malbrough truck and trailer stopped in a V shape, with the point of the V either on or near the black line, the tractor headed southeast, the rear of the trailer being toward the southwest. The photograph shows that the left front part of the Malbrough trailer struck the other truck, all of which corroborated the version of the accident as given by plaintiffs' witnesses.

Parker and his companion had slept in their truck the previous night at Crowley, and had left that place around 6 o'clock in the morning with an empty truck. They had been on the road some fifteen hours when the accident happened, and yet they had traveled only 150 miles or so. They account for this slow traveling by saying that they had stopped several times along the way. There is considerable testimony to show that young Malbrough stated right after the accident that he was asleep and did not see the accident, although he and Parker say that they were both awake at the time and talking.

Parker stated to several witnesses a few days after the accident that he was only seventeen years of age at the time of the accident, but he testified that he was around twenty. Suffice it to say that both of the occupants of this truck were very young, had been on the road for some time, and doubtless had not gotten a great deal of rest. This partly explains the zigzagging of the truck on the road. These circumstances, coupled with the other evidence, justify the conclusion that the accident was caused by the negligence of the driver of defendant's truck, and that the trial judge was correct in so finding.

The trial judge allowed items totaling $303.54 for materials used in repairing plaintiffs' truck. He allowed $235 for work and labor in repairing the truck, and he allowed the further sum of $45.50 for the loss of the use of the truck for 30 days, making a total of $584.04. A careful analysis of the testimony on these items of loss does not show any error in the amount of the award.

For these reasons, the judgment appealed from is affirmed.